**Hayes LATIN, Plaintiff—Appellant,**

v.

**PEROT SYSTEMS CORPORATION; Unum Life Insurance Company of America, Defendants—Appellees.**

No. 08–15139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed July 1, 2009.

---

Julie A. Mersch, Esquire, Law Office of Julie Mersch, Las Vegas, NV, for Plaintiff–Appellant.

Ann–Martha Andrews, Esquire, Lawrence Kasten, Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellees.

* The Honorable Larry Burns, U.S. District Judge for the Southern District of California, sitting by designation.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS,* District Judge.

## MEMORANDUM **

Hayes Latin (Latin) appeals the district court's grant of summary judgment in favor of Perot Systems Corporation and Unum Life Insurance Company of America (Unum) on Latin's ERISA claim. The district court applied the doctrine of judicial estoppel to bar Latin's claim because Latin failed to include the ERISA claim in his bankruptcy petition.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001) (citations omitted). On the facts of this case, the district court did not abuse its discretion in applying judicial estoppel because the equitable factors listed in *Hamilton* weigh in favor of applying judicial estoppel. *See id.* at 782–83. First, Latin's later position—that he has a claim against Unum—is clearly inconsistent with the position asserted in his bankruptcy petition—that he had no outstanding claims. *See id.* at 784. Second, the bankruptcy court accepted Latin's inconsistent position when it granted Latin a total discharge of his debts in reliance on the bankruptcy petition Latin filed. *See id.* Third, Latin would derive an unfair advantage if not estopped because he would have received a discharge of debts without giving his creditors the opportunity to challenge the effect of his claim against Unum. *See id.* at 785.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Considering that Latin included Unum as a creditor in his bankruptcy petition, Latin's advantage is particularly pointed. Because the discharge of Latin's debts denied Unum the opportunity to recover the funds Latin owed it—or at least offset such funds from any amount Latin recovers through his ERISA claim—the district court could reasonably find that Latin should be estopped from benefitting from his failure to disclose the asset. *See Hay v. First Interstate Bank*, 978 F.2d 555, 557 (9th Cir.1992). Accordingly, the district court did not abuse its discretion in applying the doctrine to bar Latin's ERISA claim.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.